IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| MARIO MYERS, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. SAG-23-1654 |
| PATRICIA CUSHWA, *U.S. Parole Chairperson*, and | * | |
| CARLOS D. BIVENS, *Warden*, | * | |
| Respondents. | * | |
| | *** | |

## MEMORANDUM OPINION

On June 16, 2023, the Court received a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2241 from Petitioner Mario Myers. ECF No. 1. In his petition, Petitioner alleged that his Fifth Amendment right to due process was violated when the U.S. Parole Commission failed to give him a prompt hearing on a parole violation warrant. *Id*. at 2. As relief, Petitioner asks this Court to direct Respondents to cancel the warrant for parole violation and "withdraw the warrant from [his] files" at the Roxbury Correctional Institution ("RCI") where he is currently being held. *Id*. at 3.

On September 20, 2023, Respondents were ordered to answer the Petition.[1] ECF No. 3. Respondent Patricia Cushwa[2] filed a Motion to Dismiss, or, in the alternative, for Summary Judgment, arguing lack of jurisdiction because Petitioner is not in Cushwa's custody, and that the Petition is moot because the Petitioner has received the relief requested. ECF No. 4. In support, Respondent submitted numerous documents pertaining to Petitioner's prior case, parole, and

---

[1] Additionally, Petitioner was ordered to either pay the filing fee or file a motion to proceed in forma pauperis. ECF No. 3. Petitioner has not done so; however, as the Petition shall be dismissed, Petitioner will not be required to correct the oversight.

[2] Respondent Carlos Bivens did not answer the Petition. As the Petition shall be dismissed on the basis of Respondent Cushwa's Motion, Bivens' answer is unnecessary.

parole violation. ECF No. 4-1. The documents include a copy of a Notice of Action from the U.S. Parole Commission dated June 28, 2023, which orders the withdrawal of the warrant at issue and directs the return of the unexecuted warrant. *Id*. at 55. A copy of the Notice of Action was provided to Petitioner's Case Manager at Roxbury Correctional Institution. *Id*. at 56.

On October 31, 2023, a notice advising Petitioner of his right to respond to Respondent's dispositive motion pursuant to *Roseboro v. Garrison,* 528 F.2d 309 (4th Cir.1975) was mailed to Petitioner. ECF No. 5. Petitioner has not filed a response. For the reasons stated below, Respondent's Motion will be granted, and the Petition for Writ of Habeas Corpus shall be dismissed.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp*., 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). "The inability of the federal judiciary to review moot cases derives from the requirement of Art. III of the Constitution under which the exercise of judicial power depends upon the existence of a case or controversy." *United States v. Hardy*, 545 F.3d 280, 283 (4th Cir. 2008) (quoting *DeFunis v. Odegaard*, 416 U.S. 312, 316 (1974)). Here, Respondent has shown that Petitioner received the relief requested; the warrant for violation of parole was withdrawn, with notification to the institution in which he is being held.

Additionally, Petitioner has not filed any opposition. Therefore, Petitioner's claim is moot, and the Petition shall be dismissed. Respondent's Motion shall be granted.

A habeas petitioner has no absolute entitlement to appeal a district court's denial of his petition absent issuance of a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1) (Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or . . . the final order in a proceeding under section 2255").

A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Petitioner fails to meet this standard and the Court declines to issue a certificate of appealability. Petitioner may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

A separate order follows.

July 10, 2024                               /s/
Date                                    Stephanie A. Gallagher
                                        United States District Judge